# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| TRACY HOWARD BESSELAAR, <br> AIS 135043, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| vs. | ) <br> ) | CA 21-0325-TFM-MU |
| REOSHA BUTLER, *et al.*, | ) <br> ) <br> ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

On July 19, 2021, Plaintiff Tracy Besselaar, an Alabama prisoner at the time of filing who was proceeding *pro se*, filed a "Motion for Temporary Restraining Order Injunction," which this Court construed as seeking both a temporary restraining order and a preliminary injunction. *See* Docs. 5, 6. In the motion, Plaintiff sought injunctive relief requiring the Defendants "to secure his personal safety." (Doc. 5 at p. 1). He attached a sworn declaration in which he detailed threats made to him and other details about the conditions of confinement at Fountain Correctional Facility. (*Id*. at pp. 2-10). On August 9, 2021, this Court issued an Order denying Plaintiff's motion for a temporary restraining order after taking judicial notice of a newspaper article stating that ADOC had confirmed the death of Plaintiff. (Doc. 6 at p. 2). The Court directed Defendants to respond to Plaintiff's motion for a preliminary injunction. (*Id*. at p. 3). Defendants filed their response in opposition to Plaintiff's motion for a preliminary injunction on September 8, 2021, in which they assert that the motion for preliminary injunction is now moot given Plaintiff's death and should, therefore, be denied.

**BACKGROUND**

Plaintiff was housed at Fountain Correctional Center in Atmore, Alabama beginning June 1, 2021. (*Id*. at p. 1). In his declaration, Plaintiff described how he was "threatened and oppressed" by other inmates and then menaced with knives by gang members in an effort to extort money from him. (*Id*. at pp. 3-4). He further described how he reported these instances to one of the captains and was placed in the Restrictive Housing Unit (RHU) pending placement into protective custody. (*Id*. at p. 5). On June 21, 2021, corrections officers submitted an Incident Report indicating that Plaintiff had been "unable to adjust to population/programs" at Fountain, following Plaintiff's report of "having problems" in his dorm with other inmates menacing or threatening him. (Doc. 15-2). After reporting the problems in his dorm, Plaintiff was moved to restrictive housing "without incident." (*Id*.).

Plaintiff filed a motion for temporary restraining order and preliminary injunction with this Court, which Plaintiff signed on July 14, 2021and the Court received on July 19, 2021, at 2:59 p.m. (Doc. 5 at pp. 1, 6, 11). In his motion, Plaintiff alleged that he was in fear for his life "under conditions and circumstances which pose an immediate, imminent threat to his personal physical safety." (*Id*. at p. 1). He requested an immediate order directing Defendants "to secure his personal safety." (*Id*.).

On July 19, 2021, at approximately 1:30 a.m., prior to the Court's receipt of his motion, Plaintiff was found unresponsive in his cell at Fountain. (Doc. 15-3). He was taken to the Health Care Unit, where nurses performed CPR and utilized the defibrillator on him before a doctor declared him deceased at approximately 2:00 a.m. (*Id*. at p. 1; *see also* Doc. 14).

## **LEGAL CONCLUSIONS**

Plaintiff's motion for a preliminary injunction is due to be denied following his death because it is moot.[1] As discussed above, Plaintiff's motion sought "an immediate order directing the defendants named above to secure his personal safety." Following his death, this Court can no longer afford him meaningful relief; therefore, his motion is moot. "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001). "A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993), *quoted in Fla. Ass'n of Rehab Facilities, Inc. v. Fla. Dep't of Health and Rehab. Servs.,* 225 F.3d 1208, 1216-17 (11th Cir. 2000). "[D]ismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336 (citations omitted). In this case, Plaintiff's death deprives the Court of the ability to give him the preliminary or permanent injunctive relief he sought. Defendants can, unfortunately, do nothing more at this stage to "secure [Plaintiff's] personal safety." Therefore, Plaintiff's request for preliminary injunctive relief is moot.

---

[1] Although Defendants argue that Plaintiff's death would also prevent him from securing a preliminary injunction due to an inability to prove the irreparable harm element, the Court declines to address this argument because "[a]ny decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Fla. Ass'n of Rehab Facilities, Inc. v. Fla. Dep't of Health and Rehab. Servs.,* 225 F.3d 1208, 1217 (11th Cir. 2000) (citing *Hall v. Beals,* 396 U.S. 45, 48 (1969)).

## CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's motion for a preliminary injunction (Doc. 5) be **DENIED.**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **8th** day of **November, 2021**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**