IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TRACY HOWARD BESSELAAR, AIS 135043, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CA 21-0325-TFM-MU |
| REOSHA BUTLER, *et al.,* | ) ) ) | |
| Defendants. | ) | |

## ORDER

This action is before the Court on Defendants' Notice of Service of Filings on Plaintiff's Next of Kin (Doc. 28), which was filed in response to the Court's June 2, 2022 Order (Doc. 27) requiring Defendants to file proof of actual service on Plaintiff's next of kin or to serve the next of kin and file proof of service, as required by Rule 4 of the Federal Rules of Civil Procedure. Having reviewed the green card and other exhibits to Defendants' notice, the Court finds that service was not in accordance with Rule 4 and was, therefore, deficient.

The Federal Rules of Civil Procedure state that an individual, other than a minor, an incompetent person, or a person whose waiver has been filed, may be served in a judicial district of the United States by:

 (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

 (2) doing any of the following:

  (A) delivering a copy of the summons and of the complaint to the individual personally;

  (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Because the term "delivering" refers to personal service, "mailing of the complaint and summons does not constitute 'delivering' the complaint …within the meaning of Rule 4(e)(2)(A) or (C)." *Dixon v. Blanc*, 796 F. App'x 684, 688 (11th Cir. 2020) (per curiam); *see also Dyer v. Wal-Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009) (per curiam); *Anderson v. City of Prichard*, Civ. A. No. 21-00388-B, 2022 WL 1281029, at *2 (S.D. Ala. Apr. 13, 2022). Neither does it "appear that one may 'leav[e] copies' within the contemplation of this rule by using certified mail." *U.S. Bank Nat. Ass'n v. Turquoise Props. Gulf, Inc.,* Civ. A. No. 10-0204-WS-N, 2010 WL 3155495, at *2 (S.D. Ala. Aug. 5, 2010). Here, Defendants attempted to serve the notice of death on Plaintiff's next of kin by certified mail and Federal Express. Neither of these forms constitutes delivery by personal service as required under the federal service rules.

Under Rule 4(e), however, service can also be made in this case by following Alabama state service rules. Unlike federal law, Alabama law allows for "service by certified mail, return receipt requested, sent by counsel and effective upon the date of delivery to the 'named addressee or the addressee's agent as evidence[d] by signature on the return receipt.'" *S. Guar. Ins. Co. v. Robinson,* Civ. A. No. 11-0506-KD-B, 2012 WL 353767, at *2 (S.D. Ala. Feb. 2, 2012) (citing Ala. R. Civ. P. 4(i)(2)(B)(ii) & (C)). Rule 4(i)(2) sets forth the required method for service of process by certified mail as follows:

> [T]he attorney or party shall then place [the summons] and complaint or other document to be served in an envelope and address the envelope to the person to be served with instructions to forward. In the case of an entity within the scope of one of the subdivisions of Rule 4(c), the

>addressee shall be a person described in the appropriate subdivision. The attorney or party shall affix adequate postage and **place the sealed envelope in the United States mail as certified mail with instructions to forward, return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered.**

Ala. R. Civ. P. 4(i)(2)(B)(ii)(emphasis added). If someone other than the defendant signed for the certified mail, "service is good only if the signatory constitutes the defendant's 'agent,' that is, 'a person or entity specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee.'" *Turquoise Props. Gulf, Inc.,* 2010 WL 3155495, at *2 (quoting Ala. R. Civ. P. 4(i)(2)(C)).

As evidenced by the green card filed with the Court in this case, the certified mail addressed to Claudette Miller was signed by "C-19 BW" and received by "C-19 BW." (Doc. 28-1). This Court has held that signatures of this type are not proof of valid service by certified mail on an individual. *See First Acceptance Ins. Co., Inc., v. Rosser,* Civ. A. No. 2:20-cv-554-TFM-C, 2021 WL 2013056, at *3 (S.D. Ala. May 19, 2021) (finding that certified mail return receipt signed "Covid 19" does not prove that party was properly served); *Giles v. United States Dep't of Agric. Rural Dev.,* Civ. A. No. 2:20-00501-KD-N, 2021 WL 1299201, at *2 (S.D. Ala. Apr. 7, 2021) ("given the absence of [Defendants'] actual signatures, there is no indication as to the correctness of service … or that these individual defendants were even served").

The attempt to bolster service by sending the notice by Federal Express, with no signature required, is also insufficient proof of service. *Sample v. Dollar General,* Civ. A. No. 21-0371-TFM-MU, 2022 WL 885770, at *4 (S.D. Ala. Feb. 7, 2022) (holding that service by UPS was insufficient to effectuate service); *Hyundai Merch. Marine Co. Ltd. v. Grand China Shipping (Hong Kong) Co.,* 878 F. Supp. 2d 1252,

1257 (S.D. Ala. 2012) (holding service via Federal Express was insufficient to effectuate service); *see also Shepard v. United States Dep't of Veterans Affs.,* 819 F. App'x 622, 623 (10th Cir. 2020) (holding that Federal Express in not a permissible way to make service when service by registered or certified mail is required); *Burgess v. Shima,* 21-cv-401-jdp, 2021 WL 5811225, at *3 (W.D. Wis. Dec. 7, 2021) (concluding "that the common meaning of 'certified mail' is a class of postal matter delivered by the United States Postal Service; the term does not encompass delivery by a private carrier such as UPS"); *Hobson v. Billotte,* No. 3:21-00405, 2021 WL 4342329, at *5 (M.D. Tenn. Sept. 23, 2021) (finding that attempted service by UPS is not an acceptable form of service by mail); *Randolph v. Branch Bank & Trust Co.*, Civ. A. No. 1:09-CV-648-JEC-RGV, 2009 WL 10711932, at * 2 (N.D. Ga. May 11, 2009) (indicating that service by UPS delivery to the branch of the Defendant bank was not proper service).

As previously discussed, *see* Doc. 27, Rule 25(a)(3) requires that the statement noting the death must be served "on nonparties as provided in Rule 4." Fed. R. Civ. P. 25(a)(3). For the reasons set forth above, the Court finds that the attempted service of the notice of death on the deceased Plaintiff's next of kin in this case does not meet the service requirements of Rule 4. Therefore, Defendants are **ORDERED** to serve the notice of death on Plaintiff's next of kin in the manner required by Rule 4 and to file the required proof of actual service on or before **July 14, 2022.** Plaintiff's next of kin will then have ninety (90) days from the date of service of the notice of death to file a motion to substitute Plaintiff's successor or representative to continue the prosecution of Plaintiff's claim. *See* Fed. R. Civ. P. 25(a)(1).

5

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff's next of kin, Ms. Claudette Miller, 2107 Barron Place, Mobile, Alabama 36605.

**DONE** this **15th** day of **June, 2022**.

/s/ P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**