IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | |
|---|---|
| CLAUDETTE MILLER, AS NEXT OF KIN OF TRACY HOWARD BESSELAAR AIS 135043, | Civil Action No. |
| | 1:21-cv-00325-TFM-MU |
| Plaintiff, | |
| | JURY TRIAL DEMANDED |
| v. | |
| REOSHA BUTLER, ET AL., | |
| Defendants. | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

**COMES NOW**, Plaintiff Claudette Miller ("Plaintiff") by and through the undersigned counsel pursuant to FRCP 15(a)(2), and hereby files this, her Motion for Leave to File Amended Complaint for Damages, with brief in support. Plaintiff's counsel has consulted with Defendants' counsel and Defendants do not consent to the motion.

This Amendment does not add claims or parties. Instead, it merely acknowledges the areas of the Complaint that Defendant identified as needing clarification and addressed them. The purpose of the Amendment is to allow only substantive issues to remain before the Court should the Defendant renew its Motion

1

to Dismiss.

## I.   <u>**PROCEDURAL HISTORY**</u>

Tracy Besselaar filed his Complaint on July 19, 2021.  [Doc. 1].  Defendants Reosha Butler and Dunn were served and filed their Answer to Plaintiff's Complaint. [Doc. 19].   Plaintiff died on July 19, 2021, and on July 26, 2022, Defendants filed a notice concerning Plaintiff's Certificate of Death. [Doc. 33]. On October 5, 2022, this Court granted Plaintiff's Motion to substitute the deceased party for Claudette Miller, his next of kin. [Doc. 39]. On May 24, 2023, the Plaintiff filed an unopposed motion for extension of time to amend, which was granted by this Court. [Doc. 56 and 58].

Plaintiff subsequently filed an Amended Complaint. [Doc. 63].

On September 1, 2023, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint, citing certain defects in the pleadings.

Plaintiff now files the instant Motion to Amend to correct certain Defects in Plaintiff's Complaint.

## II.   <u>**STANDARD OF LAW**</u>

Federal Rule of Civil Procedure 15(a) provides the mechanism for pre-trial amendments to pleadings. A party is permitted one amendment to its pleading as a matter of course within 21 days after service of a responsive pleading or 21 days

after service of a Motion to Dismiss under Rule 12(b), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(B). In this matter, Plaintiff filed her First Amended Complaint within the time granted by the Court, per the Court's Order on its Motion for Extension of Time to Amend.

After that first "matter of course" amendment, Rule 15 provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *accord Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 406-07 (11th Cir. 1989) ("Rule 15(a) severely restricts the district court's freedom, directing that leave to amend shall be freely given when justice so requires."). Rule 15(a)'s liberal policy of "permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.* at 407. Thus, the Court should deny leave to amend only in cases of: "(1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party by virtue of allowance of the amendment, [or] (5) futility." *Blackburn v. Shire US Inc.*, 18 F.4th 1310, 1317-18 (11th Cir. 2021); *cf. Bryant v. Dupree*, 252 F.3d 1161,

1163-64 (11th Cir. 2001) (reversing district court's decision to deny leave to amend a complaint because there was no evidence of prejudice to the defendant).

## II.   ARGUMENT AND CITATION TO AUTHORITY

In this matter, Plaintiff seeks to amend to clarify the capacity in which Defendants are named, correct several typographical errors in the Amended Complaint, and clarify several of the Counts to the Amended Complaint. As stated above, this Amendment does not add claims or parties—it only seeks to clarify several deficiencies named by Defendant to ensure there are only substantive issues before the Court, should the Defendant renew its Motion to Dismiss.

Plaintiff has attached a true, accurate, and correct copy of Plaintiff's Second Amended Complaint for Damages as **Exhibit "A"**.

As noted above, the Court's discretion to deny leave to file the Second Amended Complaint is "severely restrict[ed]" by the liberal "when justice so requires" standard of Rule 15(a). *Shipner*, 868 F.2d at 406-07. Absent one of the five exceptions identified in *Blackburn*, 18 F.4th at 1317-18, the Court must permit the amendment at this stage. As will be shown below, none of those exceptions apply.

### a.  There Has Not Been "Undue Delay" in Seeking the Amendment.

There has not been "undue delay" in Plaintiff's efforts to amend the Complaint. Plaintiff filed her Second Amended Complaint promptly after Defendants filed their Motion to Dismiss. [Docs. 69-69]. These relatively swift turnaround times stand in stark contrast to the incredibly lengthy delays that recently caused the Eleventh Circuit to affirm denials of leave to amend due to "undue delay." *Captain Jack's Crab Shack, Inc. v. Cooke*, Nos. 21-11112, 21-11114, 21-11113, 2022 U.S. App. LEXIS 26523, at *47-49 (11th Cir. Sep. 22, 2022) (delay of more than 2 years); *Poole v. Wichard, Inc.*, No. 21-12806, 2022 U.S. App. LEXIS 20289, at *7 (11th Cir. July 22, 2022) (delay of over 1 year).

In *Blackburn*, the Eleventh Circuit affirmed a finding of "undue delay" when the plaintiff waited to request a second amendment until <u>after</u> the district court had spent time ruling on the sufficiency of a prior version of the complaint. *Blackburn*, 18 F.4th at 1318 ("Blackburn had 'ample opportunity' and 'sat idly by' as he awaited determination of Shire's second motion to dismiss."). Here, Plaintiff is doing the exact opposite – she is voluntarily moving to amend her Complaint <u>before</u> the Court must spend time analyzing and ruling on Defendant's Motion to Dismiss.

**b. Plaintiff Does Not Seek the Amendment in "Bad Faith" or "Dilatory Motive."**

Plaintiff seeks this amendment for the good faith purpose of clarifying and correcting some fundamental misunderstandings in Defendant's Motion to Dismiss – misunderstandings which can be corrected with additional detail and clarifying language.

Specifically, Plaintiff seeks to remedy several deficiencies in the First Amended Complaint, namely, (1) that for some Counts, it was not clear in what capacity Defendants were sued, (2) Count III was misnamed, and (3) to address several typographical errors. In particular, the edits to the Counts clarify the action for the purposes of immunity as well.

In sum, Plaintiff does not seek this amendment for any bad faith purpose. Nor does she seek it for the purpose of delay.

**c. There Has Not Been "Repeated Failure to Cure Deficiencies by Amendment."**

In *Bryant v. Dupree*, the Eleventh Circuit found there was no "repeated failure to cure deficiencies by amendment" in a case that had the exact same posture as this one:

> The district court gave several reasons for its refusal to grant the plaintiffs leave to amend. First, the district court stated that the plaintiffs already had been "given one opportunity to amend their complaint." This assertion apparently refers to the plaintiffs' Amended Complaint,

6

filed in response to the defendants' original motion to dismiss. Under Rule 15(a), an amendment may be made either as "a matter of course" or "by leave of court." *See* Fed. R. Civ. P. 15(a). The Amended Complaint was filed as a matter of course, and until the renewed motion to dismiss came before the court, the plaintiffs had not asked for leave to amend. Therefore, it cannot be said that the plaintiffs already had been given an opportunity to amend or that the plaintiffs repeatedly had failed to cure deficiencies through previously allowed amendments.

*Bryant v. Dupree*, 252 F.3d 1161, 1163-64 (11th Cir. 2001). In the same way, Plaintiff in this case has only made one previous amendment. [Doc. 59]. Therefore, under *Bryant*, she cannot be said to have repeatedly failed to cure any alleged deficiencies by previous amendments.

### d. Allowing the Amendment Would Not Subject Defendant to "Undue Prejudice."

In *Pinnacle Advert. & Mktg. Grp. v. Pinnacle Advert. & Mktg. Grp., LLC*, 7 F.4th 989, 1000-01 (11th Cir. 2021), the Eleventh Circuit found no "undue prejudice" when the district court allowed an amendment ten days prior to trial because, in part, the party opposing the amendment already knew about the new claim earlier in the litigation and was factually prepared to defend against it by trial. In contrast, this case is still in the discovery process, with the First Amended Complaint having been filed on July 14, 2023. [Doc. 59]. Defendant, therefore, has nearly the entire litigation process – including discovery, summary judgment briefing, and trial – to develop its defense to the allegations and claims in Plaintiff's

Second Amended Complaint. If the party in *Pinnacle* did not suffer undue prejudice by allowing the amendment 10 days before trial, then neither will Defendant by allowing Plaintiff's proposed amendment.

### e.  The Proposed Amendment is Not "Futile."

Leave to amend a complaint is futile "when the proposed amended complaint would still be subject to dismissal." *Lacy v. BP P.L.C.*, 723 F. App'x 713, 715 (11th Cir. 2018). Under this "futility" standard, leave to amend may only be denied "if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim." *Id*.

Plaintiff's proposed amendments are not futile. The amendments clarify several of the counts, correct several typographical errors, and specify the capacities in which Defendants are being sued.

### f.  There is Good Cause to Amend the Complaint

Plaintiff has good cause to Amend the Complaint. In the instant case, Plaintiff became aware of several oversights in the Amended Complaint upon review of Defendants' Motion to Dismiss—specifically, that (1) one count was misnumbered, (2) several typographical errors were within the complaint and (3) Plaintiff had not specified in which capacity each Defendant was being sued in each count. Upon

realizing these errors, she quickly sought to remedy them by filing the instant Amended Complaint.

Should the Defendants renew their Motion to Dismiss, Plaintiff intends for this Amendment to ensure that only substantive issues remain before the Court, obviating the need to address typographical errors and lack of specificity in Counts, which can easily be remedied through the instant amendment.

### g. Effect on the Scheduling Order

A scheduling order in this case was entered on March 10, 2023. [Doc. 52]. In this Order, the Court laid out the following deadlines:

1. The final pretrial conference is to be held on August 9, 2024.

2. The action will come on for jury selection on September 4, 2023.

3. Discovery is to be completed by January 19, 2024.

Plaintiff does not anticipate that this Second Amended Complaint will delay any of these deadlines; it merely clarifies certain issues raised in Defendants' Motion to dismiss.

## II.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court permit her to amend her complaint as shown in the attached Second Amended Complaint.

**WHEREFORE**, pursuant to FRCP 15(a)(2), Plaintiff requests that this honorable Court permit **Exhibit "A"** to be filed as Plaintiff's Second Amended Complaint for Damages.

Respectfully submitted this 5th day of October, 2023,

**BARRETT & FARAHANY**

s/ *Kira Fonteneau*
Kira Fonteneau ASB-7338-k58f

Attorney for Plaintiff Claudette Miller

2 20th Street North, Suite 900
Birmingham, AL 35203
205-564-9005
kira@justiceatwork.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed the foregoing *Motion for Leave to File Amended Complaint* with the Clerk of Court using the CM/ECF system which will automatically send email notification to all attorneys of record.

Respectfully submitted this 5th  day of October, 2023

**BARRETT & FARAHANY**

s/ *Kira Fonteneau*
Kira Fonteneau

10